Filed 4/11/14  P. v. Anton CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039378 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1230688) |
| v. | |
| ANTHONY LEONARD ANTON, | |
| Defendant and Appellant. | |

Defendant Anthony Leonard Anton was charged with failure to register as a sex offender within five days after moving to a residence (Pen. Code, § 290.011, subd. (b) – count one), possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a) – count two), and destroying or concealing evidence (Pen. Code, § 135 – count three).  Pursuant to a negotiated agreement, defendant pleaded no contest to misdemeanor failure to provide information on a registration document (Pen. Code, § 290.018, subd. (j)), possession of hydrocodone, and destroying or concealing evidence.  The parties stipulated that there was a factual basis for the pleas in the police reports.

At the sentencing hearing, defendant requested a continuance to permit him to produce a prescription for Vicodin that he had at the time of his arrest, and then the prosecutor and the court could consider allowing defendant to withdraw his plea to the felony charge and plead to a misdemeanor charge.  The trial court and the prosecutor

agreed that if defendant produced a prescription, the court would consider a request to vacate defendant's plea and allow him to plead to a misdemeanor charge. Defendant also sought a continuance to allow him to seek a second opinion by private counsel as to whether he could challenge the probation department's intent to seek GPS monitoring as a condition of probation. The trial court indicated that this would not be grounds for withdrawing his plea, and denied the continuance.

The trial court pronounced judgment, suspending imposition of sentence and placing defendant on probation for two years. Conditions of probation included serving 304 days in county jail, with credit for time served, and wearing any GPS device as required by the probation officer. The trial court also imposed various fines and fees, including: a possession of controlled substances fine of $1,000 (Health & Saf. Code, § 11350, subd. (d)); a restitution fine of $240 plus 10 percent administrative fee (Pen. Code, § 1202.4); a criminal laboratory analysis fee of $50 (Health & Saf. Code, § 11372.5); a drug program fee of $150 (Health & Saf. Code, § 11372.7); and an AIDS education fine not to exceed $70 (Health & Saf. Code, § 11350, subd. (c)). The trial court also found that defendant had no ability to pay any discretionary fines and fees, and thus did not order them.

On April 18, 2013, this court granted defendant's relief from default and permitted him to file a notice of appeal within 10 days. Defendant filed his notice of appeal on April 25, 2013.

Appointed appellate counsel has filed an opening brief that states the case and relevant facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf, but he has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

2

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Grover, J.

3